IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAL-MART STORES EAST, L.P., )<br>)<br>702 SW 8th STREET )<br>BENTONVILLE, AR 72716 )<br>)<br>2887 SOUTH ARLINGTON ROAD<br>AKRON, OHIO 44312<br><br>Defendant. | FIRST AMENDED COMPLAINT<br><br>JURY TRIAL DEMAND<br><br>CASE NO. 5:13-cv-00795<br><br>Judge Sara Lioi |

NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission ("Plaintiff," "EEOC," or "the Commission") brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991, against Walmart Stores East, L.P. ("Walmart") to correct unlawful employment practices and to provide appropriate relief to Jamie Wells, a developmentally disabled former employee of Walmart Store Number 1911, located in Akron, Ohio, who was adversely affected by such practices. As described with greater particularity in paragraphs 17 and 22 below, the Commission alleges that Walmart unlawfully discriminated against Wells based on her gender by subjecting her to sexually inappropriate conduct by a male co-worker. The EEOC further alleges that Walmart unlawfully retaliated

against Wells when it terminated her employment because she engaged in protected activity in opposition to the sexual misconduct.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, as amended, 42 U.S.C. §§ 2000e-5(f)(1), (3), as well as pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Ohio.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of, inter alia, Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1), (3).

4. At all relevant times, Defendant Walmart has continuously been a Delaware corporation, doing business in Akron, Ohio, and has continuously had at least 15 (fifteen) employees.

5. At all relevant times, Defendant Walmart has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. All conditions precedent to the institution of this lawsuit have been fulfilled. More than thirty days prior to the institution of this lawsuit, Barbara Wells, the mother, caretaker and Legal Guardian of Jamie Wells, filed a charge with the Commission, Charge No. 532-2012-

00214, on behalf of Jamie Wells, alleging violations of, inter alia, Title VII by Walmart. After the parties participated in the Commission's investigation, EEOC issued a Letter of Determination notifying Walmart that there was reasonable cause to believe that it had violated Title VII by discriminating against Jamie Wells because of her sex, and by retaliating against her because of protected activity. EEOC then endeavored to remedy the unlawful employment practices through conciliation on behalf of Wells. After these efforts were unsuccessful, EEOC so notified Walmart and proceeded with the commencement of this lawsuit.

7. At all relevant times, Jamie Wells is a female who is developmentally disabled with respect to her intellectual, social, and emotional functioning, which remain at a child's level.

8. In or around June 1999, Walmart hired Jamie Wells as an Associate in the Lawn & Garden Department at Store #1911, in Akron, Ohio.

9. The Summit County (Ohio) Developmental Disabilities Board assisted Jamie Wells in her job application to Walmart.

10. During Jamie Wells' entire period of employment with Walmart, she was assigned a job coach from the Summit County (Ohio) Developmental Disabilities Board. Throughout Wells' employment with Walmart her job coach made visits to Walmart Store #1911 to check on Wells' wellbeing and to assist Walmart in any aspects of her employment.

11. Jamie Wells worked as an Associate in the Lawn & Garden Department at Store #1911 for more than eleven years. Her job performance was satisfactory.

12. During her employment with Walmart, Jamie Wells did not have a Legal Guardian.

13. During her employment with Walmart, Jamie Wells' disability prevented her from managing her personal and legal affairs.

14. During her employment with Walmart, Jamie Wells' disability prevented her from understanding her legal rights and acting upon them.

15. Throughout her employment with Walmart, Jamie Wells was meeting Walmart's legitimate job expectations.

## COUNT I
### (Hostile Work Environment in Violation of Title VII)

16. The EEOC herein incorporates the allegations contained in all preceding paragraphs.

17. Beginning in or before April 2005 and continuing until January 7, 2011, Walmart engaged in an unlawful employment practice at its store #1911 in Akron, Ohio, in violation of Sections 703(a)(1) of Title VII, 42 U.S.C. § 2000e-(2)(a)(1). The unlawful employment practice includes, but is not limited to, the following:

(a) Walmart engaged in sex discrimination against Jamie Wells by subjecting her to severe or pervasive harassment because of her sex, and by creating and maintaining a hostile work environment because of her sex;

(b) Walmart allowed sexual misconduct to be perpetrated upon Jamie Wells by a co-worker. The sexual misconduct included inappropriate touching of Jamie Wells by this co-worker, including his touching her breasts and genitals.

(c) The co-worker's sexual misconduct towards Wells occurred on the premises of Walmart Store #1911, in open areas, within view of employees, was recorded on surveillance footage which was routinely reviewed by Walmart officials, over the course of approximately

4

five years. Wells notified management officials of her coworker's sexual misconduct towards her. Walmart knew or should have known of this conduct from at least April 2005.

(d) Walmart failed to take prompt or effective action to prevent, correct or remedy the sexually hostile work environment. The abdication by Walmart of its legal duties towards Wells, and its sex-based discrimination against her, culminated in its terminating her employment in response to her complaint of sexual misconduct by the male co-worker.

18. The effect of the practice complained of in paragraph(s) 17(a) through (d) was to deprive Wells of equal employment opportunities on the basis of sex, and to otherwise adversely affect her status as an employee because of her sex.

19. The unlawful employment practice complained of in paragraph(s) 17(a) through (d) was intentional.

20. The unlawful employment practice complained of in paragraph(s) 17(a) through (d) was done with malice or reckless indifference to Wells' federally protected rights.

## COUNT II
### (Retaliation in Violation of Title VII)

21. The EEOC repeats and reavers the allegations contained in Paragraphs 1 through 20.

22. Since December 2010 and continuing until January 2011, Walmart engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). Specifically, Walmart subjected Wells to materially adverse employment actions because she opposed its discriminatory practices. Walmart's retaliatory actions include, but are not limited to, terminating Wells' employment on January 7, 2011. Walmart's termination of Wells occurred three weeks after she complained to a Walmart manager that a male co-worker was touching her in a sexual manner.

23. The effect of the unlawful employment practices complained of in paragraph 22 was to deprive Jamie Wells of equal employment opportunities on the basis of her protected activity in opposition to a sex-based hostile work environment.

24. The unlawful employment practices complained of in paragraph 22 were intentional.

25. The unlawful employment practices complained of in paragraph 22 were done with malice or reckless indifference to Wells' federally protected rights.

PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from maintaining and tolerating a sexually hostile work environment;

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who engage in protected activities;

C. Order Defendant to reinstate Jamie Wells to her rightful position and/or provide her with appropriate front pay, to be determined at trial;

D. Order Defendant to make Jamie Wells whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and front pay in amounts to be determined at trial, and any other affirmative relief necessary to eradicate the effects of the unlawful employment practices alleged in paragraphs 17 and 22 above;

E. Order Defendant to make Jamie Wells whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in

paragraphs 17 and 22 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

  F. Order Defendant to pay punitive damages to Jamie Wells for the malicious and reckless conduct described in paragraphs 17 and 22 above, in amounts to be determined at trial;

  G. Grant such further relief as the Court deems necessary and proper in the public interest;

  H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by its complaint.

            Respectfully submitted,

            P. DAVID LOPEZ
            General Counsel

            JAMES L. LEE
            Deputy General Counsel

            GWENDOLYN YOUNG REAMS
            Associate General Counsel

            DEBRA M. LAWRENCE
            Regional Attorney

            _____
            MARIA LUISA MOROCCO
            Supervisory Trial Attorney

            /s/ Philip M. Kovnat
            PHILIP M. KOVNAT
            Trial Attorney
            EQUAL EMPLOYMENT
            OPPORTUNITY COMMISSION
            Philadelphia District Office
            801 Market Street, Penthouse Suite 1300

                                                  Philadelphia, Pennsylvania  19107
                                                  (215) 440-2814 (phone)
                                                  (215) 440-2848 (fax)
                                                  philip.kovnat@eeoc.gov