IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) v. ) ) WAL-MART STORES EAST, L.P., ) ) Defendant. ) ) ) ) ) | Civil Action No. 5:13-cv-795-SL |

**CONSENT DECREE**

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant, Wal-Mart Stores East, L.P. ("Defendant" or "Wal-Mart"). The Commission alleges violations of Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1), (3), ("Title VII"), and of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission alleges that Defendant engaged in unlawful employment practices at its Store # 1911 in Akron, Ohio, by subjecting a former employee, Jamie Wells, to a hostile work environment based on her sex (female) by allowing sexual misconduct to be perpetrated on Wells by Frank Cameron, another Walmart employee, on store premises. This hostile work environment, the Commission alleges, culminated in Wells' termination from employment with Walmart in January 2011. The Commission further alleges that Defendant subjected Wells to materially adverse employment actions because she opposed its discriminatory practices. Walmart's alleged retaliatory acts include terminating Wells' employment on January 7, 2011, three weeks after she complained to a Walmart manager that Cameron had been touching her in a sexual manner.  Defendant denies

these allegations and any liability for any of the EEOC's claims.

The Commission and Defendant desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of Title VII.  This Decree and compliance with this Decree shall not be construed as an admission by Defendant of any liability or an admission by Defendant of any violation of the rights of Jamie Wells. Nor shall it be construed as a waiver by the Commission of any contentions of discrimination.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure, and Title VII. Therefore, upon due consideration of the record herein and being fully advised in the premises, it is hereby **ORDERED, ADJUDGED AND DECREED**:

1.	This Decree resolves all issues and claims alleged in the First Amended Complaint filed by the Commission in this action, which emanated from the Charge of Discrimination filed by Barbara Wells, on behalf of Jamie Wells.

2.	This Decree shall be in effect for a period of three years from the date it is entered by the Court.

3.	Defendant, its officers, agents, servants, employees, successors, assigns, and all persons acting on its behalf, are hereby enjoined from violating Title VII with regard to the terms conditions, and privileges of employment of its female employees, including with regard to harassment and discharge. Discrimination with regard to terms, conditions, and privileges of employment violates Title VII, which sets forth in relevant part:

> It shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to h[er] . . . terms, conditions, or privileges of employment, because of such

2

>individual's . . . sex[.]

42 U.S.C. § 2000e-2(a)(1).

    4.    Defendant, its officers, agents, servants, employees, successors, assigns, and all persons acting on its behalf, are hereby enjoined from violating Title VII with regard to retaliation, which sets forth in relevant part:

>It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].

42 U.S.C. § 2000e-3(a).

    5.    Every twelve (12) months following the entry of this Consent Decree, and continuing throughout the life of the Decree, Defendant shall submit written reports to the Commission's counsel of record concerning the implementation of this Decree. The reports shall include the following information: (1) Copies of any complaints of sexual harassment or retaliation, by any employee of Store # 1911 in Akron, including but not limited to internal documented complaints, administrative charges, and lawsuits, and (2) for every complaint, whether oral or written, the name of the complainant, and an explanation of Defendant's actions taken in response to the complaint, including any investigative and corrective measures taken.

    6.    Within thirty (30) days after entry of this Decree, Defendant will pay to Jamie Wells the total amount of $363,419, which represents $68,419 in back pay and $295,000 in damages pursuant to 42 U.S.C. § 1981a. For the back pay portion, Defendant will deduct the appropriate withholdings and issue an IRS form W-2 for this amount for the 2014 tax year. For the portion paid pursuant to 42 U.S.C. § 1981a, Defendant will issue an IRS form 1099

for this amount for the 2014 tax year. Defendant will not make these payments until after Ms. Wells provides Defendant with an Associate Information Sheet containing her updated contact information (including current address, Social Security number, and date of birth), and signed and completed State and Federal tax forms, including a W-4 and W-9.

  7. Within sixty (60) days after the entry of this Decree, Defendant will provide a live training session using materials reviewed by the Commission counsel of record no later than thirty (30) days prior to the training, and led by a trainer previously agreed to by the parties, for all salaried members of management at Store #1911 and the Market Human Resources Managers responsible for Store #1911, as well as the EAS Advisors who oversee Red Book Investigations at Store # 1911. This training session shall focus on compliance with Title VII's prohibitions against sexual harassment and retaliation. A portion of the training will relate to preventing harassment and sexual abuse of employees with known intellectual or developmental disabilities and will include a discussion of the need to work with job coaches/vocational counselors of such employees to ensure that the intellectually disabled employee understands Defendant's sexual harassment policy and reporting procedures, and in the event that any such individual makes a complaint of harassment. The duration of the training will be at least two hours. Within fourteen (14) business days of the training's completion, Defendant will provide certification to the Commission's counsel of record that such training has been provided, including the date[s] and location[s] of the training, and the identities of the trainees and trainers.

  8. Throughout the term of the Decree, Defendant will also provide the training described in paragraph 7 to all persons who acquire a salaried management position at Store # 1911, all persons who acquire Market Human Resources Manager positions responsible for Store # 1911, and all persons who acquire EAS Advisor positions with Red Book Investigation

4

oversight at Store # 1911, within thirty (30) days of their first day at work in such positions. The training provided to individuals who acquire such positions will have the same content and duration as is described in paragraph 7. It may be provided through a live training session or a recording of the original training. Within fourteen (14) business days of the completion of each training session, Defendant will provide certification to the Commission's counsel of record that such training has been provided, including the date[s] and location[s] of the training, and the identities of the trainees.

  9. Within ten (10) days after entry of this Decree, Defendant will post immediately, in all places where notices to employees customarily are posted within Defendant's Store # 1911, the Notice attached hereto and made a part hereof. Said Notices shall be posted and maintained for the life of the Consent Decree and shall be signed by a responsible management official with the date of actual posting shown thereon. Should the Notices become defaced, marred, or otherwise made unreadable, Defendant will ensure that new, readable copies of the Notices are posted in the same manner as heretofore specified. Within thirty (30) days of approval of this Decree, Defendant shall forward to the EEOC's attorney of record a copy of the signed Notice attached hereto and written certification that the Notice referenced herein has been posted and a statement of the locations and dates of posting.

  Subject to these provisions and this Court's jurisdiction to enforce the provisions of this Consent Decree, it is further

  **ORDERED** that this case shall be and hereby is dismissed with prejudice, with the Commission and Defendant each bearing their own costs and fees.

  **SO ORDERED**

Signed and entered this 24th day of March, 2014.

By: *[signature]*
SARA LIOI
UNITED STATES DISTRICT COURT JUDGE

The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

FOR DEFENDANT:FOR PLAINTIFF:

/s/ Alison Day/s/ Debra Lawrence
Alison DayDebra M. Lawrence
Littler Mendelson, P.C.Regional Attorney
21 East State Street, 16th Floor
Columbus, OH 43215

/s/ Maria Morocco
Maria Luisa Morocco
Supervisory Trial Attorney

/s/ Philip Kovnat
Philip M. Kovnat
Trial Attorney
Philadelphia District Office
801 Market Street, Penthouse Suite 1300
Philadelphia, PA 19107
(215) 440-2814 (Phone)
(215) 440-2848 (Fax)



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## POSTED PURSUANT TO FEDERAL COURT ORDER

This Notice is posted pursuant to a federal court order voluntarily resolving a sexual harassment and retaliatory discharge lawsuit brought by the U.S. Equal Employment Opportunity Commission (the EEOC), an agency of the federal government, against Wal-Mart Stores East, L.P. ("Walmart"). In that lawsuit, called <u>EEOC, et. al. v. Wal-Mart Stores East, L.P.</u>, Case No. 13-CV-00795 (U.S. District Court for the Northern District of Ohio), the EEOC alleged that Walmart violated Title VII of the Civil Rights Act of 1964 by subjecting a former intellectually disabled employee to sexual harassment and termination because of her sex. Under Section 706 of Title VII, it is unlawful for an employer to "discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex."
**Date Posted:**
**By:**_____
**Wal-Mart Stores East, L.P.**

The lawsuit also charged that Walmart violated Title VII by terminating the aforementioned disabled employee after she complained of the harassment to Walmart management. Under Title VII, it is unlawful employment practice for an employer "to discriminate against any of [its] employees or applicants for employment . . . because he [or she] has opposed any practice made an unlawful employment practice by [Title VII], or because he [or she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].
Walmart WILL NOT engage in any acts or practices made unlawful by the above sections.
A copy of this Notice will be posted in a conspicuous place where employee notices are ordinarily placed and will be replaced if it becomes defaced, marred, or otherwise made unreadable.